TUCKER, Trustee, *v.* BINGHAM, Sheriff.

TAXES. *Trustee. Unpaid taxes. Sheriff.* The act of 1875, ch. 91, required that the trustees, after a specified time, should make out and deliver to the constable of each civil district a certified statement of unpaid taxes, and if there is no constable, or the constable fail to give bond, that the statement should be *addressed to and put in the hands of the sheriff* of the county. *Held,* that the sheriff is not liable for the default of a deputy, into whose hands the statement was placed by the trustee. It should have been addressed to and put into the hands of the sheriff.

FROM WILLIAMSON.

Appeal in error from the Circuit Court of Williamson county. WM. S. McLEMORE, J.

C. R. BERRY for Tucker.

THOMAS & HOUSE for Bingham.

TURNEY, J., delivered the opinion of the court.

Act of 1875, ch. 91, sec. 5, requires a county trustee on the first Monday of the third month next following the receipt of the tax book, to make out and deliver to the constable of each ward and civil district in his county, etc., 　* 　* 　* 　 a certified statement of the unpaid taxes, etc., this statement to have all the force and effect of an execution from a court of record.

If there be no constable, or if the constable fail to file bond with the trustee, etc., then the statement shall be *addressed to and put in the hands of the sheriff*

of the county, who is vested with the same powers in person or by regular or special deputy, to enforce said statement and to collect the taxes, etc., as are by this act conferred on the constables, and the sheriff shall be liable on his official bond, etc. And said sheriff shall be required to collect and account for the taxes in all certified statements *addressed and delivered to him*, at the same time and in the same manner and to the same officers as constables are required by this act, etc.

In the present case the statement was delivered to J. H. Hill, a regular deputy sheriff, and not to the sheriff. Hill made default, and motion was made against the sheriff.

The circuit court and Commission of Referees have construed the act strictly, that the sheriff is not liable, as the statement was not *placed in his hands.*

That the act confers a special duty on the particular officer which he may perform either in person or through a deputy. That the intention of the law is to give to the sheriff the right to select for himself the agent, if he chooses to employ one. The language " *addressed to him and put into his hands,*" and which is repeated, shows such was the intention of the Legislature.

The report of the Referees is confirmed and the judgment affirmed.